Charles T. Major, J.
Claimant seeks to recover damages for personal injuries sustained in a fall at the southeast quadrant of the intersection of South Park State Highway and Milestrip County Road within the corporate limits of the village of Blasdell in Erie County.
Milestrip County Road has an 18-foot wide macadam pavement. South Park State Highway has a concrete pavement 30 feet wide through the village. This width is the same as it enters and leaves the village. The right of way of the State is 66 feet wide. The easterly shoulder of South Park State Highway is 5 to 6 feet in width and composed of gravel and earth. About 1% feet east of this shoulder, in the area of this accident, there is a 6-foot headwall on the northerly end of a small culvert. This culvert extends north and south under the county road. The space between the two roads and around the westerly end of the headwall has been filled in with macadam in the shape of an irregular arc to make a rounded connection. There were several holes of varying sizes adjacent to the arc formed by the filled in macadam. These holes existed for a long time and constituted a hazard to persons without knowledge of their presence. No proof was offered as to the improper construction of the State highway.
Within the limits of an incorporated village, the State is liable for damages to persons using its highways when such damage shall occur only as the result of the defective condition of the pavement constructed and improved at State expense. (Highway Law, §§ 46, 58.)
The evidence herein fails to establish that the State is liable. It fails to show that the macadam in the southeast quadrant of the intersection was constructed as part of the pavement, or by others at State expense.
On October 19, 1953, at about 6:30 a.m., claimant came to the intersection to meet a friend in whose car she was to ride to work. On her arrival at the scene of the accident, it was daylight, the day was clear, pavement, shoulder and area were dry. She remained in the area of the holes, which she maintained caused her to fall, until she saw her friend’s car approaching, and then started out to meet it. Her right heel went into a hole and claimant did not know exactly which one, caused her to fall forward on the macadam and sustain injuries.
*1038 On numerous occasions, over a period of one and one-half years prior to this accident, claimant stood and waited in this same location. It had not been changed during that time. Many times, including the morning of the accident, she saw the holes and rough spots. She was fully aware of the conditions and danger involved. There was no emergency or reason for her careless and negligent performance. A step or two in a different direction would have avoided the danger. Claimant did not exercise the standard of care expected of a prudent person under similar conditions and circumstances. Her failure to do so is negligence which was the proximate cause of her accident.
The motion of the State is granted, and the claim is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Judgment is directed accordingly.